**STATE v. BYRD**

[122 N.C. App. 497 (1996)]

STATE OF NORTH CAROLINA v. EMIL KEITH BYRD

No. COA95-830

(Filed 21 May 1996)

**Criminal Law § 47 (NCI4th)— aiding and abetting—principal found not guilty—conviction invalid**

Defendant's conviction for assault based on aiding and abetting was invalid where the named principal alleged in the indictment was subsequently found not guilty of the crime.

**Am Jur 2d, Criminal Law § 167.**

**Acquittal of principal, or his conviction of lesser degree of offense, as affecting prosecution of accessory, or aider and abettor. 9 ALR4th 972.**

Appeal by defendant from judgments entered 20 March 1995 in Orange County Superior Court by Judge Donald W. Stephens. Heard in the Court of Appeals 27 March 1996.

*Attorney General Michael F. Easley, by Assistant Attorney General Floyd M. Lewis, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Charles L. Alston, Jr., for defendant-appellant.*

GREENE, Judge.

Emil Keith Byrd (defendant) appeals a jury verdict finding him guilty of aiding and abetting a robbery with a dangerous weapon and aiding and abetting an assault with a deadly weapon with intent to kill inflicting serious bodily injury. Defendant was sentenced to serve twenty years in prison.

Defendant was indicted with aiding and abetting Vincent McKinney (McKinney) in assaulting Andre Allen (Allen) with a deadly weapon with intent to kill inflicting serious bodily injury. He was also indicted with the armed robbery of Allen. At the close of all the evidence, the State requested the robbery indictment be "submitted [to the jury] as aider and abettor." Without objection from the defendant the trial court agreed to submit "both charges on a theory of aiding

and abetting." Subsequent to defendant's trial, McKinney was tried and found not guilty of both the assault and robbery of Allen.

---

The issue presented is whether defendant's conviction for assault based on aiding and abetting is valid where the person whom defendant was charged with aiding and abetting is found not guilty of the crime.

In North Carolina the acquittal of a *named* principal at a *separate* trial requires acquittal of one charged as an aider and abettor of that named principal. *See State v. Beach*, 283 N.C. 261, 269, 196 S.E.2d 214, 220 (1973) (because the indictments did not charge the defendant with aiding and abetting a named person, the acquittal of that person "was not a sufficient basis for dismissal of the charges"), *overruled on other grounds, State v. Adcock*, 310 N.C. 1, 310 S.E.2d 587 (1984); *see also State v. Suites*, 109 N.C. App. 373, 378, 427 S.E.2d 318, 321-22 (pursuant to N.C. Gen. Stat. § 14-5.2, accessories before the fact are treated the same as principals, and an acquittal of a named principal at a subsequent trial is an acquittal of the accessory before the fact), *disc. rev. denied*, 333 N.C. 794, 431 S.E.2d 29 (1993); *State v. Wilson*, 338 N.C. 244, 254, 449 S.E.2d 391, 397 (1994) (a person may not be convicted of accessory before the fact if the principal is acquitted). The acquittal, in a *separate* trial, of a principal not named in the indictment does not serve as an acquittal of the one charged as an aider and abettor of the *unnamed* principal. *Beach*, 283 N.C. at 269, 196 S.E.2d at 220; *compare State v. Soles*, 119 N.C. App. 375, 380, 459 S.E.2d 48 (acquittal of one coconspirator in a trial does not require acquittal of other coconspirator in separate trial), *disc. rev. denied*, 341 N.C. 655, 462 S.E.2d 523 (1995). The acquittal, in a *joint* trial, of the principal does not serve as an acquittal of the defendant charged as the aider and abettor of that principal. *See State v. Reid*, 335 N.C. 647, 657, 440 S.E.2d 776, 781 (1994) (in joint trial of two defendants charged with assault with a deadly weapon with intent to kill, acquittal of one defendant does not preclude guilty verdict of other defendant on basis of concerted action principle); *but cf. State v. Robey*, 91 N.C. App. 198, 207-08, 371 S.E.2d 711, 717 (in joint trial of one defendant charged with accessory after the fact and another defendant charged as principal, acquittal of the principal requires acquittal of the accessory), *disc. rev. denied*, 323 N.C. 479, 373 S.E.2d 874 (1988); *cf. State v. Raper*, 204 N.C. 503, 504, 168 S.E.2d 831, 831-32 (1933) (when three coconspirators tried in joint trial, the acquittal of two of them requires acquittal of the third).

In this case the indictment charging defendant with assaulting Allen specifically *named* McKinney as the person whom the defendant aided and abetted. McKinney was acquitted of assaulting Allen at a subsequent *separate* trial. Therefore, because the named principal was acquitted of assaulting Allen at a separate trial, defendant's conviction for aiding and abetting that assault must be vacated.

Although the robbery indictment was amended at the close of all the evidence to allege that defendant acted as an aider and abettor in the robbery of Allen, defendant does not argue on appeal that his conviction for aiding and abetting robbery with a dangerous weapon should be reversed on the basis that McKinney was acquitted of robbery at a subsequent trial, and therefore we do not address that issue. Defendant, however, has made three other arguments to reverse his robbery conviction. We have reviewed these arguments and determined that they do not require reversal of the robbery conviction.

Aiding and abetting robbery—No error.

Aiding and abetting assault—Vacated.

Judges JOHN and MARTIN, Mark D., concur.