**STATE v. MUMFORD**

[201 N.C. App. 594 (2010)]

STATE OF NORTH CAROLINA v. AUBREY ALBERTO MUMFORD

No. COA09-300

(Filed 5 January 2010)

**1. Motor Vehicles— driving while impaired—felony serious injury by vehicle—sufficient evidence**

The trial court did nor err in denying defendant's motion to dismiss charges of felony serious injury by vehicle because the State presented sufficient evidence that defendant was driving while impaired at the time of the incident in question.

**2. Motor Vehicles— driving while impaired—felony serious injury by vehicle—conviction inconsistent**

The trial court erred in denying defendant's motion to set aside the jury's convictions on five counts of felony serious injury by vehicle where the jury's "not guilty" verdict on a driving while impaired charge negated an essential element necessary to support a conviction of felony serious injury by vehicle. The jury outcome was logically inconsistent and legally contradictory as the elements of felony driving while impaired causing serious injury statutorily require conviction of driving while impaired.

**3. Criminal Law— restitution—insufficient evidence**

The trial court erred in ordering defendant to pay restitution in the amount of $228,043.84 for convictions of misdemeanor hit and run and driving while license revoked. Defendant did not agree or stipulate to the amount of restitution and the evidence adduced at trial was insufficient to justify the amount of restitution.

Appeal by defendant from judgments entered 10 September 2008 by Judge Paul L. Jones in Greene County Superior Court. Heard in the Court of Appeals 3 September 2009.

*Attorney General Roy Cooper, by Special Deputy Attorney General Philip A. Telfer, for the State.*

*McCotter, Ashton & Smith, P.A., by Rudolph A. Ashton, III and Kirby H. Smith, III, for defendant appellant.*

HUNTER, JR., Robert N., Judge.

Aubrey Alberto Mumford ("defendant") appeals from judgments entered on jury verdicts of guilty of misdemeanor hit and run and five

STATE v. MUMFORD

[201 N.C. App. 594 (2010)]

counts of felony serious injury by vehicle. After review, we hold that the trial court erred in accepting inconsistent verdicts of not guilty of driving while impaired and guilty of felony serious injury by vehicle. The former is a statutory element of the latter. Therefore, we vacate the verdicts.

## I. Factual Background

On 8 June 2007, a high school graduation party was held at a home on a two-lane highway in Greene County. Partygoers parked cars on both sides of the road near the home. Sometime after the party began, Captain Robert Davenport ("Captain Davenport") arrived after receiving complaints from neighbors, whereupon he asked the hosts to turn down the music volume. After Captain Davenport left, uninvited guests arrived, resulting in several altercations. Gunfire erupted and partygoers began leaving the party and walking in the road.

About the time the gunfire erupted, a Cadillac, driven by defendant, approached that part of the road used by the departing partygoers. After defendant's car was hit by a bullet, his car struck Devarus Smith, Jordan Smith, Keendran Tyson, Rosslin Becton, and Rodney Lee Wilkes causing severe injuries requiring hospitalization.

Responding to a call for help, Captain Davenport returned to the scene at 12:36 a.m. with Trooper Billy Ron Beamon ("Trooper Beamon"). Their accident report indicates that the collisions occurred at 12:31 a.m. The officers assisted victims, requested emergency medical personnel, and then began a criminal investigation of the scene. The officers found shell casings from a .9 millimeter handgun, a Cadillac hood ornament, and pieces of a vehicle grill on the road near where the vehicle hit the victims.

Subsequently, Deputy Sheriff Jason Spencer located the Cadillac at defendant's grandmother's home. Deputy Sheriff Spencer noticed that a large portion of the grill and the hood ornament were missing, and bullet holes were in the back window area of the driver's side of the vehicle, near the muffler. Deputy Sheriff Spencer also found a beer bottle top inside the Cadillac. Captain Davenport and Trooper Beamon were notified that a suspect, Aubrey Alberto Mumford, defendant, was in custody at the Sheriff's office. When Captain Davenport arrived at the Sheriff's office at 2:30 a.m., he advised defendant of his Miranda rights.

STATE v. MUMFORD

[201 N.C. App. 594 (2010)]

Trooper Beamon concluded that defendant was impaired based on the strong odor of alcohol coming from defendant while he was in custody. Authorities placed defendant under arrest for driving while impaired and asked defendant to take an intoxilyzer test. Trooper Beamon advised defendant of his chemical analysis rights at 3:28 a.m. After a fifteen-minute observation period, defendant blew a .09 alcohol blood level at 3:47 a.m. After the intoxilyzer results recorded, defendant was informed of his results and taken to the magistrate's office where Trooper Beamon charged defendant with felony hit and run, driving while impaired, and driving while license revoked. Defendant was processed and released to the county jail after being formally charged by the magistrate.

On 9 June 2007, after being advised of his Miranda rights, defendant gave a written statement to Captain Davenport. Defendant stated that at 6:00 p.m. the previous day, he was at home having a 32-ounce beer when he received a call from his cousin who told defendant to come to his grandmother's house. Defendant left his home and drove to his grandmother's house, stopping to buy another 32-ounce beer along the way. He stayed briefly at his grandmother's house and left to make another stop at another person's home where he had a shot of liquor. Defendant then went to the barber shop where he took two swallows from the beer that he had purchased earlier.

After defendant left the barber shop and was on the way back to his grandmother's house, defendant came upon a large crowd of people standing in the road. Defendant was driving about 50 m.p.h. and had on his low beam headlights when he noticed the people in the road. Defendant said he slammed on the brakes. In addition, defendant stated he saw a man go under his car and felt the car run over the man. Defendant said he was going to get out of his car, but someone began shooting at him. He then laid in the seat and pressed the gas pedal. After the incident, defendant returned to his grandmother's house and took two or three big swallows of the beer he purchased earlier and put it back in the car. Defendant then began walking down the street until a police officer took him in custody.

On 3 March 2008, defendant was charged in an indictment with the following: (1) one count of felony hit and run; (2) five counts of felony serious injury by vehicle while engaged in the offense of impaired driving; (3) one count of driving while impaired; and (4) one count of driving while license revoked. Defendant pled guilty to driving while license revoked prior to trial. On 8 September 2008,

defendant stood trial for the 3 March 2008 indictment in Greene County Superior Court.

At trial, Trooper Beamon testified that he was aware that defendant consumed alcohol after the accident, but that two or three big swallows of beer was not enough to account for defendant's elevated alcohol level. Trooper Beamon projected, based upon the tests he administered, that if at the time of the test defendant's alcohol level was .09, then three hours earlier, at the time of the incident, his alcohol level would have been .15. Further, Trooper Beamon testified that he ran a DMV record check that showed defendant's license was permanently suspended. Defendant's DMV record was identified as State's exhibit "28" and the State introduced the record into evidence based on Trooper Beamon's testimony. When the court asked defendant's trial counsel if there was any objection to the admission of the exhibit, trial counsel stated that the matter had been stipulated and defendant pled guilty to the driving while license revoked charge before trial. Evidence of defendant's driving record which was produced at trial showed numerous violations and suspensions for failure to appear, as well as convictions for driving without a license and driving while his license was revoked.

The court followed the pattern jury instructions on felony serious injury by vehicle and gave the jury separate instructions on impaired driving, the second element of felony serious injury by vehicle. With regard to felony serious injury by vehicle, the jury instructions provided, in pertinent part, the following:

The Defendant has been charged with five counts of felonious serious injury by vehicle. For you to find the Defendant guilty of this offense, the State must prove four things beyond a reasonable doubt. First, that the Defendant was driving a vehicle. Second, that he was driving the vehicle upon a highway or street within the state. Third, that at the time the Defendant was driving that vehicle he was under the influence of an impairing substance.

Alcohol is an impairing substance. The defendant is under the influence of an impairing substance when the Defendant has taken or consumed a sufficient quantity of that impairing substance that caused the Defendant to lose a normal control of Defendant's bodily or mental faculties or both to such an extent that there is an appreciable impairment of either or both of these faculties; or had consumed sufficient alcohol that any relevant

time after the driving the Defendant had an alcohol concentration of 0.08 or more grams of alcohol per 210 liters of breath per 100 milliliters of blood, at a relevant time after driving, that Defendant still had in his body . . . alcohol consumed before or during the driving. The results of a chemical analysis are deemed sufficient evidence to prove a person's alcohol concentration.

The court instructed the jury in the following manner with regard to the charge of driving while impaired:

For you to find Defendant guilty of [driving while impaired] the State must prove three things beyond a reasonable doubt. First, the Defendant was driving a vehicle. Second, that the Defendant was driving that vehicle upon a highway or street within the state. Third, at the time the Defendant was driving the vehicle the Defendant was under the influence of an impairing substance.

As I previously said, alcohol is an impairing substance. The Defendant is under the influence of an impairing substance when the Defendant has taken or consumed a sufficient quantity of that impairing substance to cause the Defendant to lose the normal control of the Defendant's bodily or mental faculties or both to such an extent that there is an appreciable impairment of either or both of these faculties or had consumed sufficient alcohol that at any relevant time after the driving the Defendant had an alcohol concentration of 0.08 or more grams of alcohol per 210 liters of breath.

A relevant time is any time after the driving that the driver still has in the body alcohol consumed before or during the driving. The results of a chemical analysis are deemed sufficient evidence to prove a person's alcohol concentration.

The court did not instruct the jury that in order to find defendant guilty of felony serious injury by vehicle, they must first find the lesser offense, driving while impaired. The jury found defendant not guilty of driving while impaired, but guilty with regard to the charges of misdemeanor hit and run and the five counts of felony serious injury by vehicle.

Defendant's trial counsel made a motion to dismiss at the close of the State's evidence and at the conclusion of all evidence, as well as a motion to set aside the jury verdicts for the five counts of felony serious injury by vehicle. With regard to defendant's motion to set aside the five counts of felony serious injury by vehicle, defendant

solely argued that the jury's verdict of not guilty on the charge of driving while impaired was legally inconsistent with the jury's verdict of guilty on the five counts of felony serious injury by vehicle, because driving while impaired is an element of felony serious injury by vehicle. The trial court denied all of defendant's motions. In addition, the State submitted a restitution worksheet to the court alleging defendant owed $228,043.84 in restitution based upon the injuries the victims sustained in the incident. Defendant's trial counsel noted that the amount of restitution was substantial and that insurance associated with the Cadillac defendant drove on the night of the incident covered some of the restitution amount. Defendant's trial counsel further noted that the victims received insurance payments to cover some of the medical expenses. Moreover, defendant's trial counsel said defendant has an opportunity to be placed on probation because defendant did not have prior felony convictions and did not intend to harm the victims. Both the State's and defendant's trial counsel agreed that insurance payments needed to be included in the restitution amount and the trial court ordered judgment for restitution to be rendered against defendant. Defendant now appeals the judgments entered by the trial court.

## II. Issues Presented on Appeal

On appeal, defendant asserts that the trial court erred in the following manner: (1) in allowing the introduction of defendant's DMV driving record at trial when he had previously pled guilty to driving while license revoked and is not contesting that charge; (2) in denying defendant's motion to dismiss the five counts of felony serious injury by vehicle; (3) in denying defendant's motion to set aside the five convictions of felony serious injury by vehicle given that the evidence was insufficient to support the convictions because the jury's verdict of not guilty on the driving while impaired charge negated an essential element necessary to support the felony serious injury by vehicle convictions under N.C. Gen. Stat. § 20-141.4(a3); and (4) in ordering defendant to pay restitution in the amount of $228,043.84. We decline to address defendant's first assignment of error regarding the introduction of defendant's DMV driving record due to our resolution of the remaining issues.

## III. Denial of Defendant's Motion to Dismiss

[1] Defendant contends that the trial court erred in denying his motion to dismiss the charges of felony serious injury by vehicle because there was insufficient evidence that defendant was driving while impaired at the time of the incident in question. We disagree.

In ruling on a motion to dismiss in a criminal case, the Court must determine whether or not there is substantial evidence to support each element of the crime that is being charged. *State v. Smith*, 300 N.C. 71, 78, 265 S.E.2d 164, 169 (1980). " 'Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.' " *State v. Turnage*, 362 N.C. 491, 493-94, 666 S.E.2d 753, 755 (2008) (citation omitted). The Court " 'must consider the evidence in the light most favorable to the State and the State is entitled to every reasonable inference to be drawn from that evidence.' " *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 926 (1996) (quoting *State v. Saunders*, 317 N.C. 308, 312, 345 S.E.2d 212, 215 (1986)). If more than a scintilla of evidence is presented to support the indictment, the case must be submitted to the jury. *State v. Kelly*, 243 N.C. 177, 90 S.E.2d 241 (1955).

Evidence of defendant's impairment is required under N.C. Gen. Stat. § 20-141.4(a1) driving while impaired and -(a3) driving while impaired causing serious injury, before these charges may be submitted to a jury. In this case, defendant contends that the evidence was insufficient due to the almost three-hour lapse in time between the incident at approximately 12:31 a.m. and the administration of the intoxilyzer test at 3:47 a.m. At that time the intoxilyzer test registered defendant's blood alcohol concentration at .09. Although defendant admits that he was probably intoxicated at the time of the intoxilyzer test, he denies being intoxicated at the time of the incident. During the trial, defendant asserted that he drank part of a beer after the incident, and he attributed his higher blood alcohol concentration at the time of the test to his drinking after the occurrences.

The State relies on Trooper Beamon's observations and Captain Davenport's testimony to conclude that there was substantial evidence for the jury to determine that defendant was impaired at the time of the accident. The State contends that Trooper Beamon administered the intoxilyzer test after noticing that defendant was impaired. Further, Trooper Beamon projected that after the incident, the drop in defendant's alcohol level would be .06, and three hours earlier the alcohol level would have been .15. The accident report indicated that the accident occurred at approximately at 12:31 a.m. In addition, while being questioned by Captain Davenport, defendant made a written statement explaining that after the incident he got beer from the Cadillac and took two or three big swallows of beer and put it back in the car. Moreover, before the incident, defendant drank a 32-ounce beer, had a shot of liquor, and had two more swallows of beer.

On appeal, defendant only contends that the evidence was insufficient to submit to the jury the issue of whether defendant was driving while impaired. Defendant does not dispute the sufficiency of evidence with regard to the other elements of the offense. With regard to defendant's motion to dismiss, the ultimate question is merely whether there was sufficient evidence to support each essential element of the crime charged, not whether defendant is ultimately acquitted or convicted. *See Crawford*, 344 N.C. at 73, 472 S.E.2d at 925. Therefore, viewing the evidence in the light most favorable to the State, we hold that the State's evidence was sufficient for a reasonable juror to conclude that defendant was impaired at the time of the incident.

## IV. Denial of Defendant's Motion to Set Aside the Convictions of Felony Serious Injury by a Vehicle

[2] In his brief on appeal, defendant assigns error to the denial of his motion to dismiss and set aside the jury's convictions on five counts of felony serious injury by vehicle on the grounds that the jury's verdict of "not guilty" of the driving while impaired charge negated an essential element necessary to support a conviction of felony serious injury by vehicle. In his principal brief defendant argues that the proper remedy is to vacate the five convictions of felony serious injury by vehicle. However, defendant's reply brief requests that this Court reverse all five convictions.

In his principal brief and in his reply brief, defendant argues two theories: (1) the verdicts are inconsistent and (2) both federal and state double jeopardy clauses are implicated. A review of the record, however, discloses that, while defendant did object to the alleged inconsistent jury verdicts, he did not object to the verdicts on double jeopardy grounds. Our courts have held these assignments of error to be distinct, separate objections which must be first presented to the trial court to be preserved. N.C. R. App. P. 10(a); *see State v. Short*, 322 N.C. 783, 790, 370 S.E.2d 351, 355 (1988); *see also Forsyth County Hosp. Auth.*, 82 N.C. App. at 346, 346 S.E.2d at 212. We therefore only consider defendant's first theory, inconsistent verdicts, which was properly preserved by timely objection. This issue presents a question of law, which is reviewed *de novo. See State v. Barnhill*, 166 N.C. App. 228, 601 S.E.2d 215 (2004).

Our courts have long held that we should not disturb seemingly inconsistent jury verdicts where there is sufficient evidence to convict adduced at trial and "[t]he apparent inconsistency may well be

explained by an examination of the record as a whole." *State v. Davis*, 214 N.C. 787, 793-94, 1 S.E.2d 104, 108 (1938). In *Davis*, the jury acquitted the defendant of possession of intoxicating liquor for sale, but convicted the defendant of transportation of intoxicating liquor with intent to sell. *Id.* at 787, 1 S.E.2d at 105. Both verdicts require the defendant to have possessed liquor; therefore, the defendant's acquittal and conviction appear to be logically inconsistent. The Court justified this apparent inconsistency by explaining that the evidence produced at trial tended to "indicate[] that this defendant was transporting [the liquor] for another." *Id.* at 794, 1 S.E.2d at 108. However, the Court further provided that despite the evidence, the jury "[s]eemingly [] was unwilling to convict the defendant of possession for the purpose of sale[.]" *Id.* The Court upheld the defendant's conviction and noted, "mere inconsistency will not invalidate the verdict." *Id.*; *see State v. Cole*, —— N.C. App. ——, 681 S.E.2d 423 (2009) (upholding a defendant's conviction of assault with a deadly weapon and acquittal of possessing the weapon); *see also State v. Brown*, 36 N.C. App. 152, 242 S.E.2d 890 (1978) (upholding defendant's conviction for sale of a controlled substance where the jury acquitted defendant of one charge as an aider and abetter of the principal). These verdicts are logically inconsistent and yet can be explained by jury lenity or by a review of the record.

Our Supreme Court extended the *Davis* reasoning to inconsistent verdicts among co-principals. In *State v. Beach*, 283 N.C. 261, 269, 196 S.E.2d 214, 220 (1973), *overruled on other grounds by State v. Adcock*, 310 N.C. 1, 310 S.E.2d 587 (1984), the Court held that prior acquittal of one mistakenly supposed to have committed a crime does not affect the guilt of one proven to have been present aiding and abetting, so long as it is established that the crime was committed by someone. In *State v. Reid*, 335 N.C. 647, 440 S.E.2d 776 (1994), the Court extended *State v. Beach*, 283 N.C. 261, 196 S.E.2d 214 (1973), to inconsistent verdicts in the same trial. In *Reid*, our Supreme Court found the logic of the United States Supreme Court's views on inconsistent verdicts as expressed in *Dunn v. United States*, 284 U.S. 390, 76 L. Ed. 356 (1932) and *United States v. Powell*, 469 U.S. 57, 83 L. Ed. 2d 461 (1984), to be persuasive. In *Reid*, the Court noted the following:

> [I]f the jury did believe that [the defendants] Adams and Reid were acting in concert, then it could have also convicted Reid of the murder of Wilkes. The jury's decision to acquit Reid on this crime may have been a demonstration of compromise or lenity

for Reid. A case such as this, where the evidence, even among the witnesses for each side, is contradictory and confusing, is a prime example of why we should not attempt to enter the jury's thought process to determine whether the jurors spoke their real conclusions in their conviction of Reid for assault, acquittal of Reid for murder, conviction of Adams for murder, or acquittal of Adams for assault. What we have done to protect defendant Reid from an irrational jury is determine if the evidence was sufficient to find defendant guilty of assault with a deadly weapon with intent to kill inflicting serious injury beyond a reasonable doubt. We have concluded that viewing the evidence in the light most favorable to the State, the jury could have determined that defendant Reid was acting in concert with defendant Adams and found him guilty under this theory. Reid's conviction will not be reversed on the ground that there were inconsistent verdicts in his trial.

*Reid*, 335 N.C. at 660-61, 440 S.E.2d at 783.

Another variation of the inconsistent verdict is verdicts which are logically inconsistent in that the evidence supports conviction on multiple counts and yet defendant is acquitted on some charges and convicted on others. *See State v. Shaffer*, —— N.C. App. ——, 666 S.E.2d 856 (2008), *disc. review denied*, 363 N.C. 137, 674 S.E.2d 418 (2009). The State asserts that the use of the reasoning of *Dunn* and *Powell* by our Supreme Court in *Reid* has the judicial effect of holding that inconsistent verdicts can no longer be the basis of appeal in criminal cases. This assertion is overbroad and misreads *Reid* which applied this reasoning to extend the State's holding in *Beach* only to conviction and acquittal of codefendants in the same trial.

The general rule of inconsistent verdicts has exceptions for contradictory verdicts—verdicts in which conviction requires a jury to find guilt of mutually contradictory elements. *State v. Marsh*, 187 N.C. App. 235, 652 S.E.2d 744 (2007), addresses this issue. In *Marsh*, the defendant was charged with three criminal offenses including felonious possession of stolen goods. *Id.* at 241, 652 S.E.2d at 747. A conviction of felonious possession of stolen goods requires the State to prove, as an essential element, that either "(1) the property stolen had a value of more than $1,000.00, or (2) that the property was stolen pursuant to a breaking or entering." *Id.* at 241, 652 S.E.2d at 747-48. On this issue, the trial court in *Marsh* instructed the jury "solely on the theory that the property was stolen pursuant to a breaking and entering"; the jury was not instructed as to the value of the property. *Id.* at 241-42, 652 S.E.2d at 748. Based on the trial court's instruction,

the jury found the defendant guilty of felonious possession of stolen goods, but not guilty of breaking and entering. On those facts, our Court held the following:

> Since the jury found defendant not guilty of the charge of breaking or entering, and the indictment for felonious possession of stolen goods specifically referred to defendant having committed the breaking and entering, defendant cannot be guilty of felonious possession of stolen goods, but only of misdemeanor possession of stolen goods.

The Court concluded that the judgment of felony possession of stolen goods must be vacated. *Id.* at 245, 652 S.E.2d at 750.

Similar inconsistent verdicts occur when a jury mistakenly convicts a defendant of mutually exclusive crimes. *See State v. Byrd*, 122 N.C. App. 497, 498, 470 S.E.2d 548, 549 (1996) (holding that "the acquittal of a *named* principal at a *separate* trial requires acquittal of one charged as an aider and abetter of that named principal"); *State v. Speckman*, 326 N.C. 576, 578, 391 S.E.2d 165, 167 (1990) (holding that convicting defendant of embezzlement and obtaining property by false pretenses, both of which arose from the same transaction, is illegal because "property cannot be obtained simultaneously pursuant to both lawful and unlawful means"); *State v. Hames*, 170 N.C. App. 312, 612 S.E.2d 408 (2005) (holding that jury verdicts of assault with a deadly weapon with intent to kill and voluntary manslaughter are logically inconsistent because " '[b]oth views cannot exist at the same time' ") (citation omitted); *State v. Goblet*, 173 N.C. App. 112, 121, 618 S.E.2d 257, 264 (2005) (holding that, "when a charge of felony possession of stolen goods is based on the goods having been stolen pursuant to a breaking and entering a court cannot properly accept a guilty verdict on the charge of felony possession of stolen goods when defendant has been acquitted of the breaking and entering charge"); *State v. Hall*, 104 N.C. App. 375, 410 S.E.2d 76 (1991) (holding that, where the jury returns guilty verdicts on the mutually exclusive offenses and the trial court consolidates the offenses for a single judgment, the defendant is entitled to a new trial).

The jury outcome in this case falls within this logically inconsistent *and* legally contradictory exception. To convict a defendant of felony serious injury by a vehicle, the defendant must also be guilty of driving while impaired. *See* N.C. Gen. Stat. § 20-141.4(a3)(2); *see also* N.C. Gen. Stat. § 20-141.4(a1)(2). Defendant was indicted for both crimes arising from the same transaction or occurrences.

Normally this logically inconsistent verdict would fall within the *Shaffer* line of cases showing jury lenity or confusion. However, the elements of the greater crime (felony driving while impaired causing serious injury) statutorily require conviction of the lesser crime (driving while impaired).

In the jury charge, the trial judge instructed first on the elements of driving while impaired causing serious injury and then on the elements of impaired driving. The charge under our pattern instructions requires that the elements of impaired driving be repeated in both instructions; however, the instructions do not inform the jury that the statute requires a conviction on the offense of driving while impaired in order to convict the defendant of felony serious injury by vehicle. *See* N.C. Gen. Stat. § 20-141.4(a3).

The statute's language should normally not produce an inconsistent verdict where the evidence supports a finding of impaired driving on both charges. The issue in this fact pattern was central to the prosecution and defense and clearly a question of fact requiring jury resolution. Had the jury convicted on both offenses, there is clearly no logical inconsistency. In this instance, the judge would sentence on the greater charge and arrest judgment on the lesser charge. *See State v. Marshall*, 188 N.C. App. 744, 656 S.E.2d 709, *disc. review denied*, 362 N.C. 368, 661 S.E.2d 890 (2008). If the jury acquits on the greater offense and convicts on the lesser offense, then the verdict is logically consistent because the element of serious injury is not found. However, when a jury convicts of the greater charge and acquits on the lesser charge, then a logically inconsistent and legally contradictory verdict results. This last result could be avoided by instructing the jury not to address the lesser charge in the event the jury convicts on the greater charge. This option was not available to the trial judge because the judge is required to instruct on both charges if both charges are present in the indictment. An alternative would be to instruct the jury that in order to convict of the greater charge, they must find the defendant guilty of the lesser charge. Neither option is contained within the current pattern instructions.

This statutory offense is problematic, and in this case, resulted in an inconsistent and contradictory verdict that cannot be explained by resort to the record as in *Davis*, and cannot be dismissed as jury leniency as in *Reid*. The defendant was either impaired under N.C. Gen. Stat. § 20-138.2, driving while impaired, or not. Both views cannot exist at the same time. We hold that jury verdicts convicting defendant of felony driving while impaired inflicting serious injury

and acquitting defendant of driving while impaired are inconsistent and contradictory; thus, the trial court should have declined to accept the verdicts, reinstructed the jury, and directed it to retire and deliberate further. *See State v. Abraham*, 338 N.C. 315, 359, 451 S.E.2d 131, 155 (1994); N.C. Gen. Stat. § 14-17 (2007); *see also* 75B Am. Jur. 2d *Trial* § 1558 (2009). Based upon the foregoing, we vacate the jury verdicts in the five counts of felony serious injury by vehicle and DWI.

## V. Restitution

[3] Lastly, defendant asserts that the trial court erred in ordering him to pay restitution in the amount of $228,043.84 for the convictions of misdemeanor hit and run and driving while license revoked. Defendant contends that he did not agree or stipulate to the amount of restitution and that the evidence is insufficient to justify the restitution award. We agree.

Sentencing or judgment entered upon a defendant's conviction is reviewed *de novo* by this Court. *N.C. Dep't of Env't. & Natural Res. v. Carroll*, 358 N.C. 649, 599 S.E.2d 888 (2004). This Court in *State v. Replogle*, 181 N.C. App. 579, 584, 640 S.E.2d 757, 761 (2007), noted that silence does not equate to stipulation; the stipulation must be definite and certain. " '[T]he amount of restitution recommended by the trial court must be supported by evidence adduced at trial or at sentencing.' The unsworn statement of the prosecutor is insufficient to support the amount of restitution ordered." *State v. Shelton*, 167 N.C. App. 225, 233, 605 S.E.2d 228, 233-34 (2004) (citation omitted).

During the sentencing hearing, the following dialogue ensued:

The Court: . . . The Court orders that judgment be rendered against the Defendant in the amount of $228—$228,043.84. Is this the amount that does not include insurance payments?

Mr. Rogerson: It does not, Your Honor.

Mr. Muskus: It does, Judge, that's actually, Ms. Tyndall—

Mr. Rogerson: We verified that?

Mr. Muskus: It does.

Mr. Rogerson: Okay. All right, that's fine.

The Court: Okay. Judgment in the amount of $228,043.84.

The words of defendant's trial counsel did not equate to mere silence. However, trial counsel's statement may not be seen as a "def-

inite and certain" stipulation "to afford a basis for judicial decision." *State v. Alexander*, 359 N.C. 824, 826, 616 S.E.2d 914, 916 (2005). Moreover, the restitution amount must be supported by some evidence at trial and must show the appropriate amount. *See State v. Davis*, 167 N.C. App. 770, 776, 607 S.E.2d 5, 10 (2005). The record only notes that restitution worksheets were being submitted to the court; however, it does not reflect the convictions for which the sheets were submitted. Consequently, this portion of the judgment is vacated.

## VI. Conclusion

For the reasons stated herein, we hold that the trial court erred in denying defendant's motion to set aside the five convictions for felony serious injury by vehicle and in ordering defendant to pay restitution in the amount of $228,043.84.

Vacated.

Judges STEPHENS and BEASLEY concur.