State v. Carlin

---

STATE OF NORTH CAROLINA v. JIMMY WADE CARLIN

No. 7720SC1058

(Filed 11 July 1978)

**Automobiles § 134; Receiving Stolen Goods § 2— possession of stolen vehicle—receiving stolen goods—separate offenses**

Defendant could not be convicted of feloniously receiving stolen goods in violation of G.S. 14-71 when tried on an indictment charging the felonious possession of a motor vehicle in violation of G.S. 20-106.

APPEAL by defendant from *Walker (Ralph A.), Judge*. Judgment entered 16 August 1977 in Superior Court, UNION County. Heard in the Court of Appeals 25 April 1978.

Defendant was tried on a bill of indictment, proper in form, charging him with felonious possession of a motor vehicle which he knew or had reason to believe had been stolen or unlawfully taken, defendant not being an officer of the law engaged at the time in the performance of his duties as such officer. (G.S. 20-106)

The trial judge charged the jury as to the crime of feloniously receiving stolen goods; the jury found defendant guilty of feloniously receiving stolen goods. (G.S. 14-71)

Defendant has appealed from judgment imposing a prison sentence of four to five years.

*Attorney General Edmisten, by Associate Attorney D. Grimes, for the State.*

*L. K. Biedler, Jr. for defendant.*

BROCK, Chief Judge.

Defendant was charged in the bill of indictment with possession of a stolen motor vehicle, a statutory offense, G.S. 20-106. (The indictment might also have been sufficient to charge an offense under G.S. 14-71.1, except that the alleged crime occurred prior to the effective date of that statute.) The jury was instructed on, and it found defendant guilty of, receiving stolen goods, also a statutory offense, G.S. 14-71. The two offenses are, however, separate offenses. The latter is not a lesser included offense under the former.

"The defendant has not been found guilty of the offense with which he was charged, and he was found guilty of an offense for which he was not charged. It therefore follows that the judgment imposed was incorrect." *State v. Rush*, 19 N.C. App. 109, 110, 197 S.E. 2d 891, 892 (1973).

Judgment arrested.

Judges HEDRICK and MITCHELL concur.