STATE OF NORTH CAROLINA v. ROBERT EUGENE MATTHEWS, Defendant

No. COA04-1592

(Filed 17 January 2006)

**1. Evidence— photograph—defendant loading gun—defendant in altercation—admissible**

There was no plain error in the admission in a prosecution for armed robbery and other crimes of a photograph of defendant loading a gun and testimony about the taking of the picture because it was relevant to defendant's possession of a gun and was the means by which the victim first identified defendant. Also, testimony about defendant having been seen in an altercation established how a witness was able to identify defendant.

**2. Evidence— comment about defendant—neighbor of victim—admissible**

Testimony by a neighbor of an armed robbery victim that she had told defendant he could visit her son as long as he didn't take anything did not refer to prior crimes, wrongs, or acts of defendant, fell outside the scope of N.C.G.S. § 8C-1, Rule 404(b), and was not precluded on a plain error analysis.

STATE v. MATTHEWS

[175 N.C. App. 550 (2006)]

### 3. Evidence— larceny prosecution—defendant arrested for failing to appear—admissible

An officer's testimony that defendant had been arrested for failing to appear was admissible in a prosecution for armed robbery and other crimes because it was offered to show how the police came to question defendant about the robbery.

### 4. Evidence— probative value not outweighed by prejudice— limiting instructions not requested

The trial court did not abuse its discretion in a prosecution for armed robbery and other crimes by not excluding under N.C.G.S. § 8C-1, Rule 403 a photograph of defendant loading a gun, testimony of a prior altercation involving defendant, a neighbor's comment about defendant, and defendant's arrest on another charge. The trial court limited the State's examinations about information that risked violating Rule 404(b), and defendant did not request limiting instructions.

### 5. Larceny— sentence for felonious larceny—no findings of breaking or entering or value of stolen goods

The trial court erred by entering judgment and sentencing defendant on felonious larceny when the jury did not find either that defendant was guilty of felonious breaking or entering or that the value of the goods taken was more than $1,000.

### 6. Sentencing— aggravating factors—found by judge—not alleged in indictment

The trial court erred when sentencing defendant by imposing aggravated sentences based upon factors found by the judge rather than the jury. However, the argument that aggravating factors should have been alleged in the indictment has been rejected.

Appeal by defendant from judgments entered 2 July 2004 by Judge Abraham P. Jones in Durham County Superior Court. Heard in the Court of Appeals 8 June 2005.

*Attorney General Roy Cooper, by Assistant Attorney General J. Douglas Hill, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Barbara S. Blackman, for defendant-appellant.*

GEER, Judge.

In this case, although defendant Robert Eugene Matthews was convicted of felonious larceny, the jury could not reach a verdict on felonious breaking and entering. Because the jury did not make any finding that the value of goods taken during the larceny was more than $1,000.00, we are required under *State v. Keeter*, 35 N.C. App. 574, 241 S.E.2d 708 (1978), to vacate the felonious larceny judgment and remand for entry of a sentence consistent with a verdict of guilty of misdemeanor larceny. Further, since defendant was sentenced in the aggravated range based on judicially-found aggravating factors, we are also compelled to remand for a new sentencing hearing in accordance with *State v. Allen*, 359 N.C. 425, 615 S.E.2d 256 (2005).

## Facts

On 20 April 2003, Clintina Docher was cooking breakfast for her fiancée, Christopher Cofield, and her baby when a man knocked on the back door. Docher asked who it was, but received no response. Docher then heard a knock on the front door, and, when she asked who it was, a man responded "Rock." Cofield recognized "Rock" as someone he had seen involved in an altercation on a bus a month earlier. Cofield went to the door, and "Rock" asked if he had any cigarettes. Cofield responded that he did not, but that he would be going to the store soon.

After Cofield left, Docher heard another knock on the front door, and the person again identified himself as "Rock." When Docher tried to open the door, Rock grabbed her by the throat and pushed her back into the house. A second man, who Rock called Daniel, also entered the house. Both men were armed with guns. Daniel put his gun to the baby's head, while Rock pointed his gun at Docher's head. Rock threatened that he would kill the baby if Docher moved or if he did not find what he wanted in the house. Rock told Daniel to go upstairs and check every room.

After Daniel went upstairs, Rock put his gun up against the back of the baby's head and again threatened to kill her. When Rock turned his head away, Docher jumped over a coffee table, grabbed her baby out of her stroller, and tried to run out the door. Rock pulled Docher back inside and threatened to kill her if she tried anything again. The two men closed all of the windows and shades and tried to tie up Docher and her baby and put them in a closet.

During a search of the house, Rock and Daniel found $260.00. The men then made sandwiches, drank some orange juice, took a 40-ounce beer, and walked out the back door. Daniel immediately returned, grabbed Docher by the face, and threatened that if she told anyone what had happened, he would kill her and her family.

After the men were gone, Docher ran to a neighbor's apartment, and the neighbor called the police. When Docher later told another neighbor, China Townsend, what had happened, Townsend showed Docher a picture of defendant loading a gun. Docher identified the person in the picture as "Rock."

On 24 April 2003, defendant was arrested on a failure to appear charge and brought in for questioning. After waiving his *Miranda* rights, defendant stated that he had been at his mother's funeral on the day of the robbery. Defendant's mother was, however, still alive on the date of the robbery and, in fact, was seen in the courthouse on the first day of defendant's trial.

Defendant was indicted for (1) robbery with a dangerous weapon, (2) felony breaking and entering, (3) felony larceny, (4) assault by pointing a gun, (5) communicating threats, (6) two counts of second degree kidnapping, (7) conspiracy to commit robbery with a dangerous weapon, and (8) possession of a firearm by a felon. The trial court granted a mistrial on the felony breaking and entering charge because the jury was unable to reach a unanimous verdict. The jury found defendant guilty on each of the remaining charges.

During sentencing, the trial judge found six aggravating factors and no mitigating factors. Based on those aggravating factors, the trial judge sentenced defendant to consecutive aggravated sentences of 129 to 164 months for robbery with a dangerous weapon, 42 to 60 months for conspiracy to commit robbery with a dangerous weapon, 42 to 60 months for each second degree kidnapping conviction, 20 to 24 months for possession of a firearm by a felon, 12 to 15 months for felony larceny, 75 days for assault by pointing a gun, and 45 days for communicating threats.

I

[1] With respect to all of his convictions, defendant argues that the trial court committed plain error by failing to exclude certain evidence under Rule 404(b) of the Rules of Evidence, including: (1) the photograph of defendant loading a gun shown by Townsend to Docher; (2) testimony by Townsend regarding statements she made

to defendant and regarding her taking of the photograph; (3) Christopher Cofield's testimony that he had witnessed defendant in an altercation on a bus in March 2003; and (4) testimony by police investigator G. K. Coats that defendant had been arrested for failing to appear. Since defendant's counsel did not object to the admission of the challenged evidence, defendant asks us to review the admission of the evidence for plain error.

Plain error is "a fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done; or grave error that amounts to a denial of a fundamental right of the accused; or error that has resulted in a miscarriage of justice or in the denial to appellant of a fair trial." *State v. Gregory,* 342 N.C. 580, 586, 467 S.E.2d 28, 32 (1996). Although the State argues that plain error review cannot be used in this instance because the admission of this evidence was in the discretion of the trial judge, this Court has previously held that the admission or exclusion of evidence under Rule 404(b) may be reviewed for plain error. *See, e.g., State v. Berry,* 143 N.C. App. 187, 194-95, 546 S.E.2d 145, 151-52, *disc. review denied,* 353 N.C. 729, 551 S.E.2d 439 (2001).

Rule 404(b) of the North Carolina Rules of Evidence provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident. . . .

N.C. Gen. Stat. § 8C-1, Rule 404(b) (2003). This rule is a " 'clear general rule of *inclusion* of relevant evidence,' " and evidence is excluded under this rule only when its sole probative value is to show that defendant had the propensity to commit the crime. *State v. White,* 340 N.C. 264, 284, 457 S.E.2d 841, 852 (quoting *State v. Coffey,* 326 N.C. 268, 278, 389 S.E.2d 48, 54 (1990)), *cert. denied,* 516 U.S. 994, 133 L. Ed. 2d 436, 116 S. Ct. 530 (1995). "The list of permissible purposes for admission of 'other crimes' evidence is not exclusive, and such evidence is admissible as long as it is relevant to any fact or issue other than the defendant's propensity to commit the crime." *Id.,* 457 S.E.2d at 852-53.

After reviewing the record, we hold that the disputed evidence was not precluded by Rule 404(b). The photograph showing defend-

ant loading a gun and Townsend's testimony regarding the taking of that photograph was admissible because (1) the evidence was relevant to show that defendant possessed a gun for the charge of possession of a firearm by a felon, and (2) the photograph was the means by which Docher first identified defendant as the perpetrator. *See State v. Thibodeaux*, 341 N.C. 53, 64, 459 S.E.2d 501, 509 (1995) (upholding admission of photograph of the defendant carrying gun that was murder weapon); *State v. Hanton*, 140 N.C. App. 679, 688, 540 S.E.2d 376, 382 (2000) ("His photograph [from a police file] was used to prove identity, which is permissible under Rule 404(b)."); *State v. Johnson*, 78 N.C. App. 68, 71, 337 S.E.2d 81, 83-84 (1985) (upholding admission of photographs of defendant standing next to marijuana plants as evidence of where defendant lived). Similarly, Cofield's testimony that he had seen defendant in an altercation establishes how Cofield was able to identify defendant.

**[2]** Defendant also challenges testimony by Townsend that she told defendant that he could visit her son at her house so long as he did not take anything. This testimony does not, however, refer to prior crimes, wrongs, or acts of defendant and, therefore, falls outside of the scope of Rule 404(b). *Thibodeaux*, 341 N.C. at 63, 459 S.E.2d at 508 (holding that trial court did not err in admitting testimony that defendant had indicated he might solve his financial difficulties by robbing a bank when "[t]he testimony at issue did not relate to any prior crime, wrong or act of the defendant").

**[3]** Finally, the officer's testimony regarding defendant's failure to appear was offered to show how the police came to question defendant about this crime. As such, it is admissible. *See State v. McCree*, 160 N.C. App. 19, 27-28, 584 S.E.2d 348, 354 (testimony by officer that the defendant was stopped while driving a car that had been reported stolen did not violate Rule 404(b) because it was offered to explain the defendant's presence in a photographic lineup), *appeal dismissed and disc. review denied*, 357 N.C. 661, 590 S.E.2d 855 (2003); *State v. Riley*, 137 N.C. App. 403, 409, 528 S.E.2d 590, 594 (allowing evidence of officer's interrogation of defendant in connection with another offense in part to justify officer's initial contact with defendant), *appeal dismissed, disc. review denied, and cert. denied*, 352 N.C. 596, 545 S.E.2d 217-18 (2000), *cert. denied*, 531 U.S. 1082, 148 L. Ed. 2d 681, 121 S. Ct. 785 (2001).

**[4]** Defendant also argues that the evidence, even if admissible, should have been excluded under Rule 403. Defendant contends that

the evidence's probative value was limited because it was cumulative, while its prejudicial effect was substantial. We note that the trial court acted affirmatively to limit the State's examinations with respect to information that risked violating Rule 404(b). Based on our review of the record, we cannot agree with defendant that the trial court abused its discretion under Rule 403. Nor are we able to conclude, as required for plain error, that the admission of the evidence tilted the scales sufficiently to cause defendant to be convicted. *See State v. Childress*, 321 N.C. 226, 234, 362 S.E.2d 263, 268 (1987) ("in order to invoke the plain error rule this Court must determine that the alleged error 'tilted the scales' and caused the jury to reach its verdict"). To the extent defendant contends he was prejudiced by the lack of limiting instructions, his failure to request such instructions precludes review of that issue on appeal. *State v. Stager*, 329 N.C. 278, 310, 406 S.E.2d 876, 894 (1991). Accordingly, this assignment of error is overruled.

## II

**[5]** Defendant also argues that the trial court erred by entering judgment and sentencing him on felony larceny when the jury did not find either that defendant was guilty of felonious breaking and entering or that the value of the goods taken was more than $1,000.00. Although the State argues that defendant has waived this argument by failing to object at trial, a defendant need not object to a sentencing error at trial in order to preserve the issue for appellate review. *State v. Hargett*, 157 N.C. App. 90, 92, 577 S.E.2d 703, 705 (2003) ("Our Supreme Court has held that an error at sentencing is not considered an error at trial for the purpose of N.C. Rule 10(b)(1) of the North Carolina Rules of Appellate Procedure.").

Under N.C. Gen. Stat. § 14-72 (2003), defendant's larceny could be considered a felony, rather than a misdemeanor, only if the value of the property he took was more than $1,000.00 or if he committed the larceny in the course of a felonious breaking and entering. In this case, the jury made no finding regarding the value of the stolen property and the jury failed to convict defendant of felonious breaking and entering.

This Court addressed this precise situation in *Keeter* and wrote:

Our Courts have repeatedly held that where a defendant is tried for breaking or entering and felonious larceny and the jury returns a verdict of not guilty of felonious breaking or entering and guilty of felonious larceny, it is improper for the trial judge

to accept the verdict of guilty of felonious larceny unless the jury has been instructed as to its duty to fix the value of the property stolen; the jury having to find that the value of the property taken exceeds $200.00 [now $1,000.00] for the larceny to be felonious. . . .

We are presented with the question of whether the rule . . . should be extended to the case at bar. That is, whether a case in which the jury is unable to reach a verdict on a charge of felonious breaking or entering precludes the acceptance of a guilty verdict of felonious larceny. We hold that [the rule] does apply. . . . [I]f the jury does not find the defendant guilty of felonious breaking or entering, it cannot find him guilty of felonious larceny based on the charge of felonious breaking or entering.

*Keeter*, 35 N.C. App. at 575, 241 S.E.2d at 709. Under *Keeter*, the trial court in this case erred in sentencing defendant for felonious larceny. The judgment of felonious larceny must be vacated and the case must be "remanded for entering a sentence consistent with a verdict of guilty of misdemeanor larceny." *Id.*

III

[6] Finally, defendant argues that the trial court erred, under *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004), in imposing aggravated sentences because (1) no aggravating factors were pled in the indictments, and (2) the trial judge himself, not the jury, found the factors in aggravation. We agree that this case must be remanded for resentencing.

Our Supreme Court addressed the impact of *Blakely* in *State v. Allen*, 359 N.C. 425, 615 S.E.2d 256 (2005), holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed presumptive range must be submitted to a jury and proved beyond a reasonable doubt." *Id.* at 437, 615 S.E.2d at 265 (citing *Blakely*, 542 U.S. at 303-04, 159 L. Ed. 2d at 413-14, 124 S. Ct. at 2537; *Apprendi v. New Jersey*, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455, 120 S. Ct. 2348, 2362 (2000)). The failure to do so constitutes structural error and is reversible *per se. Id.* at 449, 615 S.E.2d at 272.

Because the trial court in this case based defendant's sentences on aggravating factors that it, rather than a jury, had found, we must vacate the sentence and remand for resentencing in accordance with

*Blakely* and *Allen.* With respect, however, to defendant's argument that the aggravating factors should have been alleged in the indictment, the Supreme Court rejected that argument in *Allen. Id.* at 438, 615 S.E.2d at 265.

Vacated and remanded in part, no error in part, and remanded for re-sentencing on all convictions.

Judges CALABRIA and ELMORE concur.