STATE OF NORTH CAROLINA v. SANDY MARSH, AKA AHMED ABDUL RAHAMAN

No. COA07-305

(Filed 20 November 2007)

**1. Identification of Defendants— photographic—motion to suppress—sufficiency of findings and conclusions**

The trial court's findings and conclusions, although cursory, were adequate to support its order denying defendant's motion to suppress an officer's photographic identification of defendant as the operator of a stolen truck.

**2. Identification of Defendants— in-court and out-of-court— motion to suppress—presentation of one photograph**

The trial court did not err in a felonious possession of stolen goods case by denying defendant's motion to suppress an officer's in-court and out-of-court identifications of defendant as being tainted by impermissibly suggestive pretrial procedures, because: (1) the officer testified that he had an opportunity to see defendant between the time he pulled defendant over and the time defendant fled the scene, and he further testified the lights on his patrol car allowed him to see defendant's face; and (2) although defendant contends that presenting a witness with a single photograph of a suspect is inherently suggestive, improper, and widely condemned by our courts, the circumstances in the instant case are distinguishable when the officer testified that he recognized defendant at the crime scene and subsequently asked another detective to retrieve a DMV photo of a man with the last name of Rahaman, the photo provided to the officer was at the officer's request based upon his own observations and recollection, and the fact that the officer requested only one photo to confirm defendant's identity indicated that his observation of defendant was accurate.

**3. Possession of Stolen Property— felonious possession of stolen goods—misdemeanor possession of stolen goods**

The trial court erred by sentencing defendant for felonious possession of stolen goods regarding the Scott property when the jury's verdict only supported a misdemeanor possession of stolen property judgment, and the charge is remanded to the trial court for entry of judgment on the charge of misdemeanor possession of stolen goods, because: (1) when the charge is based on the goods having been stolen pursuant to a breaking and entering, a court cannot properly accept a guilty verdict on the charge when defendant has been acquitted of the breaking and entering charge; and (2) although the State contends it presented evidence at trial that the property stolen was worth more than $1,000, the critical factor is that the jury was not charged on this element and therefore could not have found that the goods were worth more than $1,000.

**4. Possession of Stolen Property— motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of possession of stolen goods as to the Scott

property, because: (1) with regard to the element of knowing or having reasonable grounds to believe the property to have been stolen, our courts have held that defendant's guilty knowledge can be either actual or implied; (2) the well-settled rule in North Carolina is that evidence of flight of an accused may be admitted as some evidence of guilt; and (3) the State presented evidence that defendant was in possession of a stolen vehicle in which the tools were tall enough to obscure part of the rear cab window and were visible by casual passers-by, the vehicle and tools were reported stolen just a few hours before an officer made the stop of the truck which defendant was in, and defendant exited the vehicle and fled the scene immediately after the officer pulled over the truck.

5. **Possession of Stolen Property— possession of stolen vehicle—improperly charging jury on offense completely different from charge contained in indictment**

The trial court erred by entering judgment on the possession of stolen property charges relating to the truck, because: (1) possession of stolen property under N.C.G.S. § 14-71.1 and possession of a stolen vehicle under N.C.G.S. § 20-106 are separate and distinct statutory offenses; (2) the court's charge to the jury was for the offense of possession of a stolen vehicle under N.C.G.S. § 20-106, and the trial court lessened the State's burden of proof by not requiring it to prove the truck had a value over $1,000 which elevated the charge from a misdemeanor to a felony; (3) the trial court only instructed the jury on two elements concerning the possession of stolen goods charge relating to the truck; and (4) although the State contends the reference to N.C.G.S. § 20-106 on the judgment was a mere clerical error, the judgment imposed by the trial court is incorrect and must be arrested when the trial court charges the jury on an offense that is completely different from the charge contained in the indictment.

6. **Sentencing— habitual felon status—underlying felony convictions vacated**

Since the two underlying felony convictions have been vacated and arrested, the judgment sentencing defendant for habitual felon status must also be vacated.

Appeal by defendant from judgment entered 19 October 2006 by Judge James Floyd Ammons, Jr. in Lee County Superior Court. Heard in the Court of Appeals 11 October 2007.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General V. Lori Fuller, for the State.*

*William D. Spence, for defendant-appellant.*

STEELMAN, Judge.

When the jury found defendant not guilty of felonious breaking or entering and this was the only basis for a conviction of felonious possession of stolen goods, defendant must be re-sentenced for a misdemeanor. Where the defendant is convicted of a charge different from that charged in the indictment, judgment must be arrested.

## I. Factual Background

On the morning of 10 March 2005 Patrol Officer Joseph Sellers (Sellers) observed a red Toyota truck matching the description of a truck belonging to Cyrus Brown (Brown) which had been reported stolen earlier that morning. Sellers stopped the truck. Defendant got out of the passenger side of the truck. Defendant explained to Sellers that he had to use the restroom, and Sellers ordered him to get back into the truck. At that point, defendant ran away, jumping over a fence, and disappeared into a wooded area. Sellers testified that defendant looked familiar to him but could not recall where he had seen defendant. The next day, Sellers recalled that he had assisted another officer in making a traffic stop of defendant. Sellers asked that officer for a copy of the traffic citation arising out of the stop, and then asked a detective to produce a Department of Motor Vehicle ("DMV") photo matching the name of the man shown on the traffic citation. Sellers was able to confirm that the man in the photo, Mr. Rahaman, was the suspect he had stopped in the stolen truck.

The bed of the truck contained a case of Little Debbie Cakes, a table saw, a weed eater, and other tools, which had been reported missing by Perry Scott (Scott) from his garage on 10 March 2005.

Defendant was charged with felonious larceny of the truck, misdemeanor larceny of a tool box containing tools belonging to Brown, and felonious possession of stolen property, i.e., the truck. Defendant was also charged with felonious breaking and entering of Scott's garage, felonious larceny of items from the garage, and possession of stolen goods pursuant to the breaking and entering by defendant.

The charges were joined for trial at the 16 October 2006 session of criminal superior court. The jury found defendant guilty of posses-

STATE v. MARSH

[187 N.C. App. 235 (2007)]

sion of the stolen truck and possession of stolen goods (the property from Scott's building). Defendant was found not guilty of felonious breaking and entering of the Scott building and felonious larceny from the Scott building. Defendant subsequently pled guilty to being an habitual felon and was sentenced to 151 to 191 months imprisonment. Defendant appeals.

## II. Motion to Suppress Identification

**[1]** In his first argument, defendant contends that the trial court erred in failing to make sufficient findings of fact and conclusions of law in its order denying defendant's motion to suppress Sellers' identification of defendant as the operator of the truck. We disagree.

N.C. Gen. Stat. § 15A-977 requires that in ruling on a motion to suppress, "[t]he judge must set forth in the record his findings of facts and conclusions of law." N.C. Gen. Stat. § 15A-977(f) (2005).

In the instant case, the trial court made the following finding:

Court had an opportunity to see and observe the witnesses to determine what credibility and weight to give each witness. Court finds that the identification of the defendant through the photograph was not impermissible, was not suggestive, and that any doubts that the defense counsel has raised go to the credibility and the weight, not the admissibility.

We hold that while the findings are indeed cursory, they are, under the circumstances of this case, adequate to support the trial court's order denying defendant's motion to suppress. This argument is without merit.

**[2]** In his second argument, defendant contends that the court erred in denying defendant's motion to suppress Sellers' in-court and out-of-court identifications of defendant as being tainted by impermissibly suggestive pre-trial procedures. We disagree.

Our courts have established a two-step process for determining whether an identification procedure was so suggestive as to create a substantial likelihood of irreparable misidentification:

First, the Court must determine whether the identification procedures were impermissibly suggestive. Second, if the procedures were impermissibly suggestive, the Court must then determine whether the procedures created a substantial likelihood of irreparable misidentification.

*State v. Fowler*, 353 N.C. 599, 617, 548 S.E.2d 684 (2001) (internal citations omitted). "In reviewing a trial judge's ruling on a suppression motion, we determine only whether the trial court's findings of fact are supported by competent evidence, and whether these findings of fact support the court's conclusions of law." *State v. Pulliam*, 139 N.C. App. 437, 439-40, 533 S.E.2d 280, 282 (2000) (citation omitted).

Sellers testified that he had an opportunity to see defendant between the time he pulled defendant over and the time defendant fled the scene. He further testified that the lights on his patrol car clearly allowed him to see defendant's face. Although defendant contends that presenting a witness with a single photograph of a suspect is inherently suggestive, improper, and "widely condemned" by our courts, *State v. Yancey*, 291 N.C. 656, 661, 231 S.E.2d 637, 640 (1977), the circumstances in the instant case are distinguishable. Sellers testified that he recognized defendant at the crime scene and subsequently asked another detective to retrieve a DMV photo of a man with the last name of Rahaman. The photo provided to Sellers was at Sellers' request, based upon his own observations and recollection. The fact that Sellers requested only one photo to confirm defendant's identity indicates that his observation of defendant was accurate. The use of a single photo in this context is not impermissibly suggestive but rather is an example of efficient detective work.

The trial court correctly concluded that the photo identification of defendant was not impermissibly suggestive. It was unnecessary for the court to proceed to the second step of the analysis and determine whether there was a substantial likelihood of irreparable misidentification. *See State v. Hannah*, 312 N.C. 286, 290, 322 S.E.2d 148, 151 (1984). This argument is without merit.

### III.  Scott Property

[3] In his third argument, defendant contends that the court erred in sentencing him for felonious possession of stolen property as to the Scott property when the jury's verdict only supports a misdemeanor possession of stolen property judgment. We agree.

"When a charge of felony possession of stolen goods is based on the goods having been stolen pursuant to a breaking and entering a court cannot properly accept a guilty verdict on the charge of felony possession of stolen goods when defendant has been acquitted of the breaking and entering charge." *State v. Goblet*, 173 N.C. App. 112, 121,

618 S.E.2d 257, 264 (2005) (quoting *State v. Perry*, 305 N.C. at 229-30, 287 S.E.2d at 813).

Defendant asserts that *State v. Matthews* is controlling. In that case, defendant was charged with felonious breaking and entering and felonious larceny. The jury did not reach a verdict on felony breaking and entering but found defendant guilty of felonious larceny. On appeal, this Court held that "[u]nder N.C. Gen. Stat. § 14-72 (2003), defendant's larceny could be considered a felony, rather than a misdemeanor, only if the value of the property he took was more than $1,000.00 or if he committed the larceny in the course of a felonious breaking and entering." *Matthews*, 175 N.C. App. 550, 556, 623 S.E.2d 815, 820 (2006).

We hold that *Matthews* is analogous to the instant case. Defendant was charged in a three-count indictment with felonious breaking and entering pursuant to N.C. Gen. Stat. § 14-54(A), felonious larceny pursuant to N.C. Gen. Stat. § 14-72(A), and felonious possession of stolen goods pursuant to N.C. Gen. Stat. § 14-71.1. The indictment alleged that the value of the property stolen from Scott's garage was $981.00. The count charging Felonious Possession of Stolen Goods reads as follows:

[T]he defendant named above unlawfully, willfully and feloniously did possess the personal property described in Count II above, which property was stolen property, being the personal property of the person, corporation, and other legal entity described in Count II above, and having the value described in Count II above, knowing and having reasonable grounds to believe the property to have been feloniously stolen, and *taken pursuant to the felonious breaking and entering described in Count I above.* (emphasis added)

Count I of the indictment alleged that defendant feloniously broke and entered the Scott building with the intent to commit a felony; to wit, larceny.

In order for the charge of possession of stolen goods to be a felony, rather than a misdemeanor, the State was required to show an additional element of either (1) the property stolen had a value of more than $1,000.00, or (2) that the property was stolen pursuant to a breaking or entering. In this case, the trial court submitted the charge of felonious possession of stolen property to the jury solely on the theory that the property was stolen pursuant to a breaking or enter-

ing. The jury was not instructed as to the value of the property. Since the jury found defendant not guilty of the charge of breaking or entering, and the indictment for felonious possession of stolen goods specifically referred to defendant having committed the breaking and entering, defendant cannot be guilty of felonious possession of stolen goods, but only of misdemeanor possession of stolen goods. *See Matthews*, 623 S.E.2d at 820.

The State argues that it presented evidence at trial that the property stolen was worth more than $1,000.00. This argument fails to comprehend that the critical factor is that the jury was not charged on this element and therefore could not have found that the goods were worth more than $1,000.00. The jury was instructed as to the charge of felonious possession of stolen goods *solely* on the theory that the goods were stolen pursuant to a breaking or entering.

We hold that the judgment of felonious possession of stolen goods must be vacated, and this charge remanded to the trial court for entry of judgment on the charge of misdemeanor possession of stolen goods. *See Matthews*, 175 N.C. App. at 557, 623 S.E.2d at 820.

[4] In his fourth argument, defendant contends that the court erred in denying his motion to dismiss the charge of possession of stolen goods as to the Scott property. We disagree.

"In ruling on a motion to dismiss at the close of evidence . . . a trial court must determine whether there is substantial evidence of each essential element of the offenses charged." *State v. Williams*, 154 N.C. App. 176, 178, 571 S.E.2d 619, 620 (2002) (citations omitted). "Evidence is substantial if it is relevant and is sufficient to persuade a rational juror to accept a particular conclusion." *Goblet*, 173 N.C. App. at 118, 618 S.E.2d at 262 (citation omitted). The evidence must be considered in the light most favorable to the State. *Id.* The standard of review on appeal from a motion to dismiss is *de novo. Hatcher v. Harrah's N.C. Casino Co., LLC*, 169 N.C. App. 151, 155, 610 S.E.2d 210, 212 (2005).

The essential elements of misdemeanor possession of stolen property are:

(1) possession of personal property;

(2) which has been stolen;

(3) the possessor knowing or having reasonable grounds to believe the property to have been stolen; and

(4) the possessor acting with a dishonest purpose.

*State v. Perry*, 305 N.C. 225, 233, 287 S.E.2d 810, 815 (1982) (citing N.C. Gen. Stat. § 14-71.1 (citations omitted)).

With regard to the element of "knowing or having *reasonable grounds to believe* the property to have been stolen," our courts have held that defendant's guilty knowledge can be either actual or implied. *State v. Parker*, 316 N.C. 295, 303-04, 341 S.E.2d 555, 559-60 (1986). "The well-settled rule in North Carolina is that evidence of flight of an accused may be admitted as some evidence of guilt." *State v. Mash*, 305 N.C. 285, 287, 287 S.E.2d 824, 826 (1982). In *Parker*, our Supreme Court concluded that the circumstantial evidence of defendant's knowledge presented by the State was substantial "when the police attempted to stop the vehicle, the defendant proceeded to flee . . ." *Parker*, 316 N.C. at 304, 341 S.E.2d at 560. The *Parker* Court further stated that, under those circumstances, "an accused's flight is evidence of consciousness of guilt and therefore of guilt itself." *Id.*

The State presented evidence that defendant was in possession of a stolen vehicle in which the tools were tall enough to obscure part of the rear cab window and were visible by casual passers-by. The vehicle and tools were reported stolen just a few hours before Sellers made the stop of the truck which defendant was in. Finally, immediately after Sellers pulled over the truck, defendant exited the vehicle and fled the scene.

We hold the State presented substantial evidence tending to show that the defendant knew or had reasonable grounds to believe the tools were stolen. This argument is without merit.

### IV. Truck

[5] In his fifth argument, defendant contends that the trial court erred in entering judgment on the possession of stolen property charge relating to the truck, since the jury convicted the defendant of an offense for which he was not charged. We agree.

It is error for a defendant to be "found guilty of an offense for which he was not charged." *State v. Carlin*, 37 N.C. App. 228, 229, 245 S.E.2d 586, 587 (1978). Our courts have held that possession of stolen property under N.C. Gen. Stat. § 14-71.1 and possession of a stolen vehicle under N.C. Gen. Stat. § 20-106 are separate and distinct statutory offenses. *See State v. Bailey*, 157 N.C. App. 80, 87, 577 S.E.2d 683, 688 (2003).

As to the truck, defendant was indicted for the offense of felonious possession of stolen property pursuant to N.C. Gen. Stat. § 14-71.1. The elements of misdemeanor possession of stolen property are set forth in section III of this opinion. In order to elevate the crime to a felony, the State must show an additional element that either (1) the property was stolen pursuant to a breaking or entering, *State v. Weakley*, 176 N.C. App. 642, 651, 627 S.E.2d 315, 321 (2006) (citation omitted), or (2) the value of the property was more than $1,000.00. *See State v. Davis*, 302 N.C. 370, 373, 275 S.E.2d 491, 493 (1981).

However, in its instructions to the jury on the charge of felonious possession of the Toyota truck, the court only charged the jury on two elements, as follows:

First, that the defendant possessed a vehicle; the Toyota truck. The defendant possessed the vehicle if he was aware of its presence and either by himself, or together with others, had both the power and intent to control its disposition or use. And second, that the defendant knew or had reasonable grounds to know that . . . the vehicle . . . had been stolen or unlawfully taken.

The jury returned a guilty verdict of "felony possession of a stolen motor vehicle." The judgment specifically referenced N.C. Gen. Stat. § 20-106 as the statutory basis for the charge.

The court's charge to the jury was for the offense of possession of a stolen vehicle under N.C. Gen. Stat. § 20-106. By charging the jury under the incorrect statute, the trial court lessened the State's burden of proof by not requiring the State to prove an element which elevated the charge from a misdemeanor to a felony, i.e. that the truck had a value of over $1,000.00.

The State argues that since the trial court charged the jury on the value of the truck in connection with the charge of felonious larceny of the truck, this was sufficient to support a conviction of felonious possession of stolen goods. We find this argument disingenuous at best. As set forth above, the trial court only instructed the jury on two elements concerning the possession of stolen goods charge relating to the truck. As to each charge, the trial court charged the jury separately as to each element that it was required to find, with no cross-reference to any of the other charges. We further note that the jury found defendant not guilty of felonious larceny of the truck.

The State further contends that the reference to N.C. Gen. Stat. § 20-106 on the judgment was merely a clerical error. Had the trial

WADE v. CAROLINA BRUSH MFG. CO.

[187 N.C. App. 245 (2007)]

court correctly charged the jury under N.C. Gen. Stat. § 14-71.1, this would indeed be so. However, when the trial judge charges the jury on an offense that is completely different from the charge contained in the indictment, we are required to hold that the judgment imposed by the trial court is incorrect, and the judgment must be arrested. *See Carlin*, 37 N.C. App. at 229, 245 S.E.2d at 587.

### V.  Habitual Felon

**[6]** Since the two underlying felony convictions have been vacated and arrested, the judgment sentencing defendant for habitual felon status must also be vacated.

Judgment for felonious possession of stolen goods from Scott garage is VACATED and REMANDED for resentencing on misdemeanor possession of stolen goods.

Judgment for felonious possession of stolen goods (truck) is ARRESTED.

Judgment imposed for habitual felon status is VACATED.

Judges BRYANT and GEER concur.