STATE OF NORTH CAROLINA v. SAMUEL TRAVIS TANNER

No. COA08-251

(Filed 7 October 2008)

**1. Appeal and Error— motion to dismiss—failure to renew after introducing evidence—waiver**

Defendant waived appellate review of the denial of his motion to dismiss charges of felonious possession of stolen property by not renewing it after introducing evidence. Plain error review does not apply.

**2. Constitutional Law— effective assistance of counsel—failure to renew motion to dismiss—no reasonable possibility of different outcome**

The failure to renew a motion to dismiss charges of felonious possession of stolen property was not ineffective assistance of counsel where defendant did not show that the alleged deficient performance prejudiced his defense.

**3. Possession of Stolen Property— felonious—submission to jury only on breaking and entering—not guilty verdict on breaking and entering**

A conviction for felonious possession of stolen property was remanded for sentencing as misdemeanor possession where the charge was submitted to the jury as a felony only on the basis of the goods having been stolen pursuant to a breaking or entering, but the jury found defendant not guilty of the breaking or entering.

Appeal by defendant from judgment entered on or after 6 August 2007 by Judge W. Osmond Smith, III in Wake County Superior Court. Heard in the Court of Appeals 10 September 2008.

*Attorney General Roy Cooper, by Special Deputy Attorney General Kathleen M. Waylett, for the State.*

*William D. Spence, for defendant-appellant.*

TYSON, Judge.

Samuel Travis Tanner ("defendant") appeals judgment entered after: (1) a jury found him to be guilty of felony possession of stolen goods pursuant to N.C. Gen. Stat. § 14-71.1 and (2) defendant pleaded guilty to attaining the status of habitual felon pursuant to N.C. Gen. Stat. § 14-7.1. We vacate and remand for resentencing.

## I. Background

On 27 August 2006, several businesses located on South Person Street in Raleigh, North Carolina were burglarized and vandalized, including Hill's Barber Shop and Quality Hair Design. Items reported stolen included: razor blades, hair clippers, sheers, curlers, hair care products, an air purifier, a CD player, a telephone, and a small black and white television. Raleigh Police Detective Rich Bargfrede ("Detective Bargfrede") was assigned to investigate these crimes.

Detective Bargfrede conducted a search of the police database to determine whether any pawnshops in the area had purchased items that matched the description of the items reported stolen. Detective Bargfrede discovered that Reliable Loan had purchased a pair of hair clippers from Jeanette Brown ("Brown"). On 14 September 2006, Detective Bargfrede visited Brown at her residence located at 519 South Blount Street. Brown informed Detective Bargfrede that she had received the hair clippers from her roommates, defendant and

Antionette Harrison ("Harrison"). Neither defendant nor Harrison were present at that time.

Detective Bargfrede returned to the police station and conducted a further search of the police database to determine whether defendant or Harrison had sold any items to the surrounding pawnshops. The search revealed Harrison had pawned a CD player that matched the serial number of the CD player stolen two days prior from Quality Hair Design.

Detective Bargfrede returned to 519 South Blount Street with uniformed officers. Officers observed defendant and Harrison enter and exit the residence shortly thereafter. As officers approached defendant, he threw a red backpack into the bushes and started to walk in the opposite direction. Officers ordered defendant to stop and recovered the backpack. With defendant's permission, officers searched the backpack and found it contained various hair care products. Detective Bargfrede subsequently obtained and executed a search warrant on the residence located at 519 South Blount Street. Officers recovered numerous items from defendant's bedroom, which were identified as having been stolen from Hill's Barber Shop and Quality Hair Design.

Defendant was arrested and transported to the Raleigh Police Department. Defendant voluntarily waived his *Miranda* rights and provided Sergeant R.A. McLeod with two statements. The substance of defendant's two statements was that he had received the stolen goods from an unidentified person while he was helping this person "carry some bags [away] from" the barber shop.

Defendant testified on his own behalf at trial and recited yet another explanation for how the stolen goods had come into his possession. Defendant stated that several weeks prior to 14 September 2006, he had purchased a box of merchandise containing hair care products from a person identified as "Slim." Slim also sold defendant a refrigerator, CD player, and small television for the package price of eighteen dollars. On a subsequent occasion, defendant purchased drugs from a person accompanying Slim, which turned out to be counterfeit. Defendant testified that on 14 September 2006, he confronted Slim about the counterfeit drugs. In response, Slim gave defendant the backpack full of merchandise he carried on the date of his arrest.

Defendant was indicted on the charges of: (1) felony breaking and entering; (2) felony larceny; (3) felony possession of stolen

goods; and (4) attaining the status of habitual felon. After a four day trial, the jury found defendant to be guilty of felony possession of stolen goods, but acquitted him of felony breaking and entering and felony larceny. Defendant subsequently pleaded guilty to attaining habitual felon status in exchange for a maximum punishment of 261 months imprisonment. The trial court sentenced defendant within the presumptive range to a minimum of 121 months to a maximum of 155 months imprisonment. Defendant appeals.

## II. Issues

Defendant argues the trial court erred by: (1) failing to dismiss the charge of felony possession of stolen goods at the close of all the evidence; (2) accepting the jury's verdict of guilty to the charge of felony possession of stolen goods and entering a judgment thereon; and (3) sentencing defendant as a habitual felon. Defendant also argues he received ineffective assistance of counsel.

## III. Motion to Dismiss

[1] Defendant argues the trial court committed plain error by failing to dismiss the charge of felony possession of stolen goods based upon: (1) insufficient evidence establishing each element of the crime and defendant's identity as the perpetrator and (2) a fatal variance between the indictment and the evidence presented at trial. We disagree.

Defendant concedes defense counsel made a timely motion to dismiss the charge of felony possession of stolen goods at the close of the State's evidence, but "failed to renew his motion after the close of all the evidence as required by Rule 10(b)(3) of the North Carolina Rules of Appellate Procedure." Defendant urges this Court to review these assignments of error under plain error analysis.

Plain error review applies only to jury instructions and evidentiary matters in criminal cases. *State v. Wiley*, 355 N.C. 592, 615, 565 S.E.2d 22, 39-40 (2002) (citation omitted), *cert. denied*, 537 U.S. 1117, 154 L. Ed. 2d 795 (2003). "While this is a criminal case, defendant's failure to renew his motion to dismiss does not trigger a plain error analysis." *State v. Freeman*, 164 N.C. App. 673, 677, 596 S.E.2d 319, 322 (2004) (citing *State v. Richardson*, 341 N.C. 658, 676-77, 462 S.E.2d 492, 504 (1995)).

Rule 10(b)(3) of the North Carolina Rules of Appellate Procedure specifically states:

[i]f a defendant makes such a motion after the State has presented all its evidence and has rested its case and that motion is denied and the defendant then introduces evidence, his motion for dismissal or judgment in case of nonsuit made at the close of State's evidence is waived. *Such a waiver precludes the defendant from urging the denial of such motion as a ground for appeal.*

N.C.R. App. P. 10(b)(3) (2007) (emphasis supplied). Because defendant introduced evidence at trial and failed to renew his motion to dismiss at the close of all the evidence, defendant waived his right to challenge such denial on appeal. *Id.* These assignments of error are dismissed.

## IV. Ineffective Assistance of Counsel

[2] Defendant alternatively argues that if this Court should decide that his preceding assignments of errors were waived at trial, defense counsel's failure to renew the motion to dismiss at the close of all the evidence constituted ineffective assistance of counsel. We disagree.

"To prevail on a claim of ineffective assistance of counsel, a defendant must first show that his counsel's performance was deficient and then that counsel's deficient performance prejudiced his defense." *State v. Allen,* 360 N.C. 297, 316, 626 S.E.2d 271, 286 (citing *Strickland v. Washington,* 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693 (1984)), *cert. denied,* —— U.S. ——, 166 L. Ed. 2d 116 (2006). In order to establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 80 L. Ed. 2d at 698.

The dispositive issue before this Court becomes whether there is a reasonable probability that the trial court would have granted defendant's motion to dismiss had defense counsel renewed the motion at the close of all the evidence. "The standard for ruling on a motion to dismiss is whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." *State v. Wood,* 174 N.C. App. 790, 795, 622 S.E.2d 120, 123 (2005) (citation and quotation omitted). The essential elements of possession of stolen property are as follows: "(1) possession of personal property; (2) which has been stolen; (3) the possessor knowing or having reasonable grounds to believe the property to have been stolen; and (4) the possessor acting with a dishonest pur-

pose." *State v. Perry*, 305 N.C. 225, 233, 287 S.E.2d 810, 815 (1982) (citations omitted). Defendant argues the State presented insufficient evidence tending to establish defendant knew or had reasonable grounds to believe the property was stolen and that he was acting with a dishonest purpose.

## A. Reasonable Grounds

"Whether the defendant knew or had reasonable grounds to believe that the [property was] stolen must necessarily be proved through inferences drawn from the evidence." *State v. Brown*, 85 N.C. App. 583, 589, 355 S.E.2d 225, 229 (citation omitted), *disc. rev. denied*, 320 N.C. 172, 358 S.E.2d 57 (1987).

[A] defendant-seller's knowledge or reasonable grounds to believe that property was stolen can be implied from his willingness to sell the property at a mere fraction of its actual value. *Such knowledge or reasonable belief can also be implied where a defendant-buyer buys property at a fraction of its actual cost.*

*State v. Parker*, 316 N.C. 295, 304, 341 S.E.2d 555, 560 (1986) (citation omitted) (emphasis supplied).

Here, defendant conceded he first purchased a box full of hair care products from a person identified as "Slim" for the price of three dollars. Defendant subsequently purchased a refrigerator, CD player, and a small television from Slim for the price of eighteen dollars. Defendant's knowledge or reasonable belief that the property was stolen could be inferred or implied by his purchase of the property at "a fraction of its actual cost." *Id.* Viewed in the light most favorable to the State, sufficient evidence was presented to establish defendant knew or had reasonable grounds to believe the property he possessed was stolen.

## B. Dishonest Purpose

[T]he "dishonest purpose" element of the crime of possession of stolen property can be met by a showing that the possessor acted with an intent to aid the thief, receiver, or possessor of stolen property. The fact that the defendant does not intend to profit personally by his action is immaterial. It is sufficient if he intends to assist another wrongdoer in permanently depriving the true owner of his property.

*Id.* at 305-06, 341 S.E.2d at 561. By defendant's own admission, given in his second statement to police officers, defendant came into con-

tact with an unidentified man who had already made a "score." The unidentified man asked defendant to "help him carry some bags [away] from" the barber shop. Defendant complied with this request and identified some of the items contained in the red backpack he carried on the date of his arrest as the items he had received from this person. Viewed in the light most favorable to the State, sufficient evidence tended to show defendant intended "to aid the thief" or "to assist another wrongdoer in permanently depriving the true owner of his property." *Id.*

The State presented sufficient evidence tending to establish defendant knew or had reasonable grounds to believe the property was stolen and that he was acting with a dishonest purpose. We hold there is no reasonable probability that the trial court would have granted defendant's motion to dismiss had defense counsel renewed the motion at the close of all the evidence. Defendant failed to establish that his counsel's alleged deficient performance prejudiced his defense. *Allen*, 360 N.C. at 316, 626 S.E.2d at 286. This assignment of error is overruled.

## V.  Felony Possession of Stolen Goods

[3] Defendant argues the trial court erred in accepting the jury's guilty verdict as to the charge of felony possession of stolen goods and entering judgment thereon, after the jury found defendant not guilty of felony breaking and entering. We agree.

In order for the crime of possession of stolen goods to be elevated to a felony, the State was required to show and the jury must find an additional element of either: (1) the property stolen had a value of more than $ 1,000.00 or (2) that the property was stolen pursuant to a breaking or entering. *State v. Marsh*, 187 N.C. App. 235, 240-41, 652 S.E.2d 744, 747-48 (2007); N.C. Gen. Stat. § 14-72; *see also State v. Matthews*, 175 N.C. App. 550, 556, 623 S.E.2d 815, 820 (2006) ("Under N.C. Gen. Stat. § 14-72 (2003), defendant's larceny could be considered a felony, rather than a misdemeanor, only if the value of the property he took was more than $1,000.00 or if he committed the larceny in the course of a felonious breaking and entering."). Here, the trial court submitted defendant's felony possession of stolen property charge to the jury based *solely* on the goods having been stolen pursuant to a breaking and entering. Although the indictment alleged the value of the stolen goods exceeded $1,000.00 and evidence was presented at trial tending to support this valuation,

STATE v. TANNER

[193 N.C. App. 150 (2008)]

this basis to support felony possession of stolen goods was not submitted to the jury.

It is well-established in North Carolina that "[w]hen a charge of felony possession of stolen goods is based on the goods having been stolen pursuant to a breaking and entering[,] a court cannot properly accept a guilty verdict on the charge of felony possession of stolen goods when defendant has been acquitted of the breaking and entering charge." *Marsh*, 187 N.C. App. at 240, 652 S.E.2d at 747 (quoting *State v. Goblet*, 173 N.C. App. 112, 121, 618 S.E.2d 257, 264 (2005)); *see also Perry*, 305 N.C. at 229-30, 287 S.E.2d at 813. Because the jury found defendant to be not guilty of the underlying breaking and entering charge, upon which the State solely based its charge of felony possession of stolen goods, we vacate defendant's conviction of felony possession of stolen goods and the judgment entered thereon. *Marsh*, 187 N.C. App. at 241, 652 S.E.2d at 748. However, sufficient evidence was presented at trial and the jury found defendant to be guilty of the remaining elements of possession of stolen goods. We remand this case to the trial court for entry of judgment on the charge of misdemeanor possession of stolen goods. *See id.* at 241, 652 S.E.2d at 748; *Matthews*, 175 N.C. App. at 557, 623 S.E.2d at 820.

## VI. Habitual Felon Status

Because we vacate defendant's underlying conviction for felony possession of stolen goods, the judgment sentencing defendant as a habitual felon must also be vacated. *See Marsh*, 187 N.C. App. at 242, 652 S.E.2d at 749.

## VII. Conclusion

Defendant's assignments of error pertaining to the denial of his motion to dismiss the charge of felony possession of stolen goods were waived based on defense counsel's failure to renew the motion at the close of all the evidence. N.C.R. App. P. 10(b)(3). Defendant's arguments are not subject to plain error review and are dismissed. *Id.*; *Freeman*, 164 N.C. App. at 677, 596 S.E.2d at 322.

Defense counsel's failure to renew defendant's motion to dismiss at the close of all the evidence does not constitute ineffective assistance of counsel. Defendant failed to show his counsel's alleged deficient performance prejudiced his defense. *Allen*, 360 N.C. at 316, 626 S.E.2d at 286.

The trial court improperly accepted the jury's guilty verdict on the charge of felony possession of stolen goods after the jury acquit-

ted defendant of felony breaking and entering. We vacate the judgment entered on defendant's felony possession of stolen goods conviction. This case is remanded to the trial court for entry of judgment and resentencing on the charge of misdemeanor possession of stolen goods. *Marsh*, 187 N.C. App. at 241, 652 S.E.2d at 748. Because defendant's underlying felony conviction was vacated, the judgment sentencing defendant as a habitual felon is also vacated. *Id.* at 242, 652 S.E.2d at 749.

Vacated and Remanded for Resentencing.

Judges CALABRIA and ELMORE concur.